RECEIVED
IN ALEXANDRIA, LA

MAR 10 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WALTER HOUSTON<br>DOC#100087 | DOCKET NO. 08-cv-0924; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF<br>AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff **Walter Houston** (#100087), pro se and in forma pauperis, on June 24, 2008. Plaintiff was ordered to amend his complaint, and he filed an amended complaint on February 13, 2009. [Doc. #9] Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana.

In Plaintiff's original complaint, *which is an identical copy the complaint filed by Inmate Michael Sampson in docket number 08-CV-915*, Plaintiff sought injunctive and declaratory relief on a class-wide basis. In his amended complaint, *virtually identical to the amended complaint filed by Inmate Michael Sampson*, Plaintiff seeks monetary damages under 42 U.S.C. §1983, in addition to injunctive and declaratory relief. The complaint and amended complaint allege numerous violations by the defendants of the constitutional rights of WCC inmates.

This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**FACTS ALLEGED**

Houston is the only named Plaintiff in the instant lawsuit, but seven other WCC inmates contemporaneously filed identical complaints in this District Court. The inmates seek class certification. Named as defendants are: Corrections Corporation of America (CCA), Warden Tim Wilkinson, Deputy Warden Tim Morgan, Deputy Warden Angel A. Martin, Chief of Security Virgil Lucas, Governor Bobby Jindal, and LDOC Secretary James LeBlanc.

In the complaint, it is alleged that the constitutional rights of WCC inmates were violated by the defendants. The complaint states that Plaintiff was personally subjected to unconstitutional conditions of confinement including inadequate medical care, inadequate administrative remedy process, inadequate law library, 1inadequate clothing, unsanitary conditions, and overcrowding.

Because Plaintiff filed an exact duplicate of Inmate Sampson's complaint, which provided only general and conclusory allegations, the Court ordered Plaintiff to amend the complaint and allege facts to support the conclusion that **his** constitutional rights were violated. The undersigned explained exactly what factual information Plaintiff needed to provide in the amended complaint. [Doc. #8] Despite the specific and simple instructions of the Court, the amended complaint did not include any of the information

Plaintiff was ordered to provide. In fact, Plaintiff did not even attempt to properly respond to the Court's order. He simply changed the caption and submitted a copy of Plaintiff Michael Sampson's amended complaint from *Sampson v. Corrections Corporation of America*, 1:08-CV-0915, and a single document as an exhibit to support his claims.[1]

As to the general averments of the complaint, Plaintiff does not allege or provide facts indicating that *he* was ever subjected to excessive, malicious and sadistic use of force by staff, the use of chemicals such as tear gas and pepper spray to punish or threaten, the use of four and five point hand restraints without cause or proper monitoring, placement in isolation for arbitrary reasons, exposed to unreasonable risks of harm by other inmates, "kicking out" where larger inmates force younger or more fragile inmates to give up food or personal belongings under threats of violence, having "hit" placed on him or being "hired" to beat up or intimidate other inmates, abusive and arbitrary disciplinary practices, denied disciplinary hearings, had efforts at contacting PZT (project zero tolerance) thwarted, denied adequate mental health care, or retaliated against for trying to access the courts.

In the original complaint, Plaintiff stated that he was personally affected by the defendants' denial of proper medical

---

[1] It has been recommended that Sampson's suit be dismissed as frivolous.

care, a lack of adequate clothing, overcrowding, unsanitary conditions of confinement, and an inadequate law library. He was told to amend his complaint to provide factual allegations in support of his conclusory statements.

**LAW AND ANALYSIS**

## I. Medical Care

In the original complaint, Plaintiff claimed that the defendants failed to provide inmates with proper medical care, but he presented no facts to support that claim. He was ordered to amend his complaint to state the names of those defendants that refused him medical care or provided inadequate care, the relevant dates, and the circumstances surrounding the alleged refusal or substandard treatment. Plaintiff was instructed that he would have to allege deliberate indifference to a serious medical need, and those terms were defined for Plaintiff. [Doc. #8] Nevertheless, in his amended complaint, Plaintiff failed to provide any factual allegations that he was ever denied medical care or given substandard care. His claim should be dismissed.

## II. Conditions of Confinement

In the original complaint, Plaintiff alleged that inmates do not have adequate clothing and are subjected to overcrowding and unsanitary conditions. Plaintiff was instructed to amend his complaint to allege facts regarding when he was denied adequate clothing, what clothing he was and was not provided, who was

involved in the deprivation, and how he was injured. He was also instructed to describe the unsanitary conditions to which he was exposed, the dates and circumstances under which the exposure occurred, who was involved, and how he was injured. Finally, he was told to explain how he has been affected and injured by the perceived overcrowding. Plaintiff was also ordered to allege facts to support the conclusory statement that the defendants acted with deliberate indifference to his safety. In his amended complaint, Plaintiff failed to provide a single fact to support any of the enumerated conclusions regarding clothing, overcrowding, and unsanitary conditions. His claims are unsupported and conclusory and should be dismissed.

**III. Access to Courts**

In the original complaint, Plaintiff claimed that WCC has an inadequate law library. He was informed that the right of access to the courts encompasses no more than the ability of an inmate to prepare and transmit a necessary legal document to a court. Plaintiff was ordered to state what actionable claim he wanted to or attempted to bring, how the alleged shortcomings in the law library actually hindered his efforts to pursue that claim, and how he was actually prejudiced. Plaintiff provided no factual allegations regarding an inadequate law library in the amended complaint. However, Plaintiff submitted a copy of one administrative remedy "First Step Response Form" dated January 9,

2009, responding to a complaint of December 9, 2008. Apparently Plaintiff had complained of one incident when he was "denied access" to the law library. According to the document, Plaintiff did not report to the gate at "call-out" time. If an inmate arrives at the gate after the unit head indicates that all traffic is complete, then he will not be allowed out. [Doc. #9, p.24]

Plaintiff was not satisfied with the administrative response and stated that the reason given was "not logical." He wrote that the "denial" that day caused him to miss his deadline with the court. Plaintiff has not been penalized for missing any deadline in this case, he has no other cases pending in this district at this time, and he did not have any pending cases on the date of the reported incident. He does not allege that he was denied access to the library on <u>any</u> other occasion. He does not claim that he was unable to file a meaningful document with the court. He does not allege that any lawsuit was dismissed as a result of this incident or any other lack of access. Despite being ordered to do so, Plaintiff has failed to present any factual allegations to support the conclusion that he was denied access to the court.

**CONCLUSION**

Plaintiff has failed to provide facts to support the conclusory claim that his constitutional rights were violated by the defendants. Additionally, Plaintiff has alleged no viable past wrong, much less a continuing harm or a real and immediate threat

of repeated injury in the future. See Society of Separationists, Inc. v. Herman, 959 F.2d 1283 (5th Cir. 1992)(citing Allen v. Wright, *supra*.) Plaintiff has presented only those vague and conclusory allegations that were first presented by Inmate Michael Sampson and were copied by Plaintiff and several other inmates. See Sias v. Louisiana 146 Fed. Appx. 719 (5th Cir. 2005)("Sias's allegations are vague and conclusory and are therefore insufficient to establish a 42 U.S.C. §1983 claim.")(*citing* Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989)); Futz v. Collins, 3 F.3d 440 (5th Cir. 1993) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)); Elliott v. Perez, 751 F.2d 1472, 1479 (5th Cir. 1985)(A plaintiff may not plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought.).

Thus, for the foregoing reasons, *and for the reasons set forth in the Report and Recommendation filed in the civil rights case of Michael Sampson, docket number 1:08-CV-915*, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED as frivolous** under 28 U.S.C. §1915(e)(2)(b).

**Under the provisions of 28 U.S.C. §636(b)(1)©) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk**

of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in Chambers at Alexandria, Louisiana, this 10th day of March, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE